

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 3 2016

JAMES W. McCORMACK, CLERK
By: _____
　　　　　　　　DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**HARNEK GILL and DALJIT GILL,**

　　　　　　　　PLAINTIFFS,　　　　CASE NO: 4:16cv256-BRW

v.

**CHRISTIAN TRUCKING, INC. and
BRYANT QUINCY HOWELL,**

This case assigned to District Judge __Wilson__
and to Magistrate Judge __Kearney__

**DEFENDANTS.**

## COMPLAINT

Now comes Plaintiffs Harnek Gill and Daljit Gill (collectively "Plaintiffs"), by and through the undersigned counsel, and hereby bring this Complaint for Damages against Defendants Christian Trucking, Inc. and Bryant Quincy Howell and allege the following:

### I.　　PARTIES

1.　　Plaintiff HARNEK GILL is a resident of Fresno County, California, and at all times material hereto was a resident and citizen of the State of California.

2.　　Plaintiff DALJIT GILL is a resident of Fresno County, California, and at all times material hereto was a resident and citizen of the State of California.

3.　　Defendant CHRISTIAN TRUCKING, INC. is a for-profit corporation duly existing and formed under the laws of the State of Arkansas with its principal place of business in the State of Arkansas. Defendant CHRISTIAN TRUCKING, INC. may be served with summons in this matter by and through its registered agent for service of process, Bryant Howell at 1658 Highway 300, Houston Arkansas, 72070.

1

**COMPLAINT**

4. Defendant BRYANT QUINCY HOWELL is an individual who resides in Perry County, Arkansas. Defendant BRYANT QUINCY HOWELL may be served with summons in this matter at his residence at 1658 Highway 113 S, Bigelow, Arkansas 72016.

## II.    JURISDICTION AND VENUE

5. This court may exercise personal jurisdiction over all Defendants as all Defendants are residents or citizens of the State of Arkansas or have sufficient contacts with the State of Arkansas to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## III.   FACTUAL ALLEGATIONS

8. On May 13, 2015, at approximately 2:30 P.M., Plaintiff Harnek Gill was operating a tractor with a trailer attached and driving in the Number 2 lane westbound on Interstate 20 near Minden, Louisiana.

9. At the same time, Defendant Bryant Quincy Howell ("Howell") was operating a tractor with a trailer attached and driving behind Plaintiff in the Number 2 lane, westbound on Interstate 20 near Minden, Louisiana. At all times relevant herein, Howell was employed by or was the agent of Defendant Christian Trucking, Inc. ("Christian Trucking") and was acting within the course and scope of his employment and/or agency with Christian Trucking.

10. Shortly thereafter, Plaintiff Harnek Gill began to slow his vehicle. However, even with adequate time to brake and avoid a collision with Plaintiff Harnek Gill, Howell failed to respond to Plaintiff Harnek Gill's actions and crashed into the rear of Plaintiff Harnek Gill's vehicle.

11. As a result of this incident, Plaintiffs suffered severe injuries.

### IV.   CLAIMS FOR RELIEF

#### COUNT I

#### NEGLIGENCE AS AGAINST DEFENDANT BRYANT QUINCY HOWELL

12. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 11 above as if fully set forth herein.

13. Howell owed Plaintiffs a duty of care which he breached by, among other acts and/or omissions:

- a) Failing to yield the right-of-way;
- b) Failing to keep Howell's vehicle at a speed which was appropriate under the circumstances then existing;
- c) Failing to keep a proper lookout;
- d) Failing to keep his vehicle under proper control;
- e) Becoming distracted while driving;
- f) Driving while overly fatigued;
- g) Violating various provisions of the Federal Motor Carrier Safety Regulations at 49 CFR §§ 390, 391, 392, 393, 395 and 396; and/or
- h) Otherwise acting without the reasonable care required of him under the circumstances.

14. Howell's acts and/or omissions, as described above, were a direct and proximate cause of Plaintiffs' injuries and damages.

## COUNT II

## NEGLIGENCE AS AGAINST DEFENDANT CHRISTIAN TRUCKING, INC.

15. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 16 above as if fully set forth herein.

16. At all times relevant herein, Howell was an employee and/or agent of Christian Trucking and was in the course of scope of his employment with Christian Trucking. By the acts and/or omissions described above, Howell breached his duty of care to Plaintiffs while in the course and scope of his employment with Christian Trucking. As such, the acts and/omissions of Howell are imputed to Defendant Christian Trucking by virtue of the doctrine of respondeat superior.

17. In addition, Christian Trucking owed independent duties of care to Plaintiffs which were breached by, among other acts and/or omissions:

    a) Failing to properly train Howell;

    b) Failing to properly monitor Howell;

    c) Failing to properly supervise Howell;

    d) Failing to properly inspect the tractor driven by Howell;

    e) Failing to properly repair and maintain the tractor driven by Howell;

    f) Violating various provisions of the Federal Motor Carrier Safety Regulations at 49 CFR §§ 390, 391, 392, 393, 395 and 396; and/or

    g) Otherwise acting without the reasonable care required of it under the circumstances.

18. In addition to Christian Trucking's liability under the doctrine of respondeat superior, Christian Trucking is liable to Plaintiffs for the independent acts and/or omissions stated above.

19. Christian Trucking's independent acts and/or omissions were a direct and proximate cause of Plaintiffs' injuries and damages.

## COUNT III

## LOSS OF CONSORTIUM AS AGAINST DEFENDANTS BRYANT QUINCY HOWELL AND CHRISTIAN TRUCKING, INC.

20. Plaintiffs reallege and incorporate by reference herein the allegations of paragraphs 1 through 20 above as if fully set forth herein.

21. Plaintiff Daljit Gill is, and was at all relevant times, the spouse of Harnek Gill.

22. As a result of the acts and/or omissions of Defendants Howell and Christian Trucking described above, Plaintiff Daljit Gill has suffered the loss of consortium, society, service and support of her spouse, Harnek Gill, and suffered damages therefrom.

## V.   DAMAGES

23. As a direct and proximate result of the actions and omissions of each of herein named Defendants, as described hereinabove and as may be further discerned in the course of discovery herein, Plaintiffs suffered damages including:

   a) Past and future personal injury damages, including consequential losses, pecuniary losses, disfigurement, impairment, and pain and suffering;

   b) Loss of consortium in the past and future;

   c) Pre-judgment and post-judgment interest, attorneys' fees, expenses, and costs of this action; and

d) Any and all other damages provided by state or federal law, without limitation.

## VI.    JURY TRIAL DEMAND

24. Plaintiff hereby respectfully requests trial by jury.

## VII.    PRAYER

**WHEREFORE,** Plaintiffs pray that this case be set for trial before a jury, that Plaintiffs recover judgment of and from Defendants for personal injury damages and loss of consortium together with pre-judgment interest, post-judgment interest, attorneys' fees, expenses, costs of this action, and such other and further relief to which Plaintiffs may show themselves to be justly entitled.

DATE: May 12th, 2016                    Respectfully submitted,

/s/ Jory D. Lange

Jory D. Lange
Texas Bar Number 24041294
Attorney for Plaintiffs Harnek Gill and Daljit Gill
**Heard Robins Cloud, LLP**
2000 West Loop South, Suite 2200
Houston, TX 77027
Telephone: (713) 650-1200
E-mail: jlange@heardrobins.com

**COMPLAINT**